RENDERED: APRIL 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0112-MR

BOBBY J. BURGESS                                          APPELLANT

APPEAL FROM CARLISLE CIRCUIT COURT
v.          HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 13-CR-00014

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE: Bobby J. Burgess, *pro se*, brings this appeal from a December

23, 2019, Order of the Carlisle Circuit Court, denying his motion for jail-time

credit. We affirm.

On May 16, 2013, Burgess was indicted upon four counts of sexual

abuse, first degree, victim under 12 years of age (Kentucky Revised Statutes

(KRS) 510.110) and one count of distributing obscene material to minors, first

offense (KRS 531.030). Following the indictment, Burgess was released on pretrial bond on May 16, 2013. The conditions of the pretrial release were that he have no contact with the victim, the victim's siblings, or any child under the age of 18. Burgess also had a standard curfew restriction but was permitted to work. Burgess was not given an ankle monitor or other monitoring device and the conditions of release did not reference home incarceration.

A jury trial was held in January of 2016 and by order entered January 12, 2016, Burgess was found guilty upon two counts of sexual abuse, first degree, victim under 12 years of age, and one count of distributing obscene material to minors, first offense.[1] By judgment and sentence of imprisonment entered March 17, 2016, Burgess was sentenced to a total of ten-years' imprisonment. Burgess did not appeal this judgment.

On September 13, 2019, Burgess filed a Motion for Supervised Release – Time Credit. Relevant to this appeal, Burgess asserted that between May 16, 2013, and January 12, 2016, he was on home incarceration; thus, he was entitled to 971 days credit toward his ten-year sentence of imprisonment.[2] By

---

[1] Two of the counts of sexual abuse in the first degree, victim under 12 years of age, were dismissed.

[2] Bobby J. Burgess filed a Designation of Record on Appeal but did not designate the trial record as part of his record on appeal. The record on appeal begins with his original motion for jail-time credit filed in 2019. The Court has reviewed the docket of the original proceedings as provided on CourtNet.

order entered October 17, 2019, the circuit court denied Burgess's motion for failure to exhaust his administration remedies with the Department of Corrections (DOC). Thereafter, Burgess immediately sought review by the DOC for its alleged failure to correctly calculate his jail-time credit. By correspondence addressed to Burgess dated November 6, 2019, the DOC stated it had confirmed from probation and parole that Burgess was not on home incarceration during the period in question. DOC further indicated that Burgess had now exhausted all administrative remedies available.

On December 2, 2019, Burgess filed another motion with the circuit court to obtain the alleged 971 days of jail-time credit that he believed he was entitled to. By order entered December 23, 2019, the circuit court denied Burgess's motion for jail-time credit. The circuit court concluded that "Burgess has misconstrued his reasonable bond conditions as 'home incarceration' when in reality he was released from custody during the time period in which he seeks jail credit." December 23, 2019, Order at 1. This appeal follows.

Burgess asserts on appeal that the trial court erred by denying his motion for jail-time credit. More specifically, Burgess argues that he is entitled to jail-time credit of 971 days pursuant to KRS 532.220(6).[3] In support thereof,

---

[3] Kentucky Revised Statutes 532.220(6) provides:

-3-

Burgess asserts that because he maintained a telephone during those 971 days, he was on home incarceration rather than pretrial bond release.

Home incarceration is defined in KRS 532.200(2), as follows:

> "Home incarceration" means the use of a monitoring device approved by the commissioner of the Department of Corrections to facilitate a prisoner's ability to maintain gainful employment or to participate in programs approved as a condition of his or her incarceration, or both, using the person's home for purposes of confinement[.]

Burgess maintains that per KRS 532.220(6), a telephone is considered an approved monitoring device for home incarceration. Contrary to Burgess's assertion, KRS 532.220(6) merely requires that maintaining a telephone is one of the conditions of home incarceration. Furthermore, a telephone is not within the definition of an "approved monitoring device" as set forth in KRS 532.200(5).

Simply put, Burgess's act of maintaining a telephone during the 971 days he was on pretrial bond release does not transform his pretrial release into a home incarceration. KRS 532.220(3)-(7) merely sets forth the myriad conditions a home incarceree must abide by while participating in a home incarceration program. However, these conditions do not in any way convert a pretrial bond release to home incarceration. Additionally, based on our review of the record

---

The home incarceree shall maintain a telephone or other approved monitoring device in the home or on his person at all times[.]

below, we find nothing therein that indicates Burgess was sentenced to home incarceration during the period in question. Therefore, we conclude that Burgess's argument that he is entitled to 971 days of jail-time credit toward his ten-year sentence of imprisonment has no legal basis and, thus, is without merit.

For the foregoing reasons, the Order of the Carlisle Circuit Court denying the motion for jail-time credit is affirmed.

MAZE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Bobby J. Burgess, *Pro Se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Leilani K.M. Martin
Assistant Attorney General
Frankfort, Kentucky